UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| NOBLE FRANKLIN LAWRENCE-BEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:12-cv-00183-SEB-MJD |
| | ) | |
| CITY OF INDIANAPOLIS: SHERIFF DEPARTMENT, | ) ) | |
| | ) | |
| Defendant. | ) | |

**Entry and Order Dismissing Action**

The plaintiff has been granted leave to proceed proceed *in forma pauperis.* In such a case, pursuant to 28 U.S.C. ' 1915(e)(2)(B), a court shall dismiss a case at any time if the court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

Noble Franklin Lawrence-Bey asserts that he is "a natural born Aboriginal, Indigenous, Divine being of the Moorish National" and not a citizen of the United States. Lawrence-Bey alleges that he was traveling on Interstate 465 on February 1, 2012, when he was pulled over by a sheriff connected with the City of Indianapolis. Lawrence-Bey explained to the sheriff that he was not a driver, but a traveler, and that he was guaranteed the right to travel by the Ninth Amendment. The sheriff asked to see his driver's license, but instead Lawrence-Bey produced his Moorish America Nationality I.D. card and his International Right to Travel card. Lawrence-Bey was instructed by the sheriff and/or his back-up to step out of the car. Lawrence-Bey was arrested for not having a valid driver's license and his fez (crown) and I.D. card were taken away and never returned.

Lawrence-Bey alleges that the sheriff's actions denied him the right to travel, subjected him to false imprisonment, unreasonable search and seizure, and physical injury and cruel treatment. He seeks damages based on 42 U.S.C. § 1983 and a medley of other historical and international documents. Only ' 1983, however, supports a private cause of action. The other claims are therefore dismissed.

As to the § 1983 claim, the only matter of consequence is who has been sued, and also who has not been sued. The arresting officer has not been sued, but only the municipal entity—either the City of Indianapolis or the Marion County Sheriff's Department—by which the arresting officer is employed. Although a municipality is a "person" subject to suit under ' 1983, *Monell v. Dept. of Social Services*, 436 U.S. 658, 690 (1978), a municipality can be found liable under ' 1983 only if action pursuant to an official policy or custom of the municipality causes a constitutional tort. A municipality can be liable for monetary damages under § 1983 if the unconstitutional act complained of is caused by: (1) an official policy adopted and promulgated by its officers; (2) a governmental practice or custom that, although not officially authorized is widespread and well settled; or (3) an official with final policy making authority. *Monell*, 436 U.S. at 690-91. Unless there is an unconstitutional policy that causes the injury, there cannot be municipal liability. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989). The plaintiff has alleged no municipal policy or custom concerning any constitutional violation. His complaint, moreover, identifies only a single event. Proof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell. City of Oklahoma City v. Tuttle*, 471 U.S. 808, 824 (1985). Thus, the complaint fails to state a claim upon which relief can be granted against the defendants.

Lawrence-Bey's complaint does not state grounds that entitle him to relief against the named defendants. Accordingly, the action must be dismissed, and judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 04/30/2012

_____
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

**Distribution:**

Noble Franklin Lawrence-Bey
P. O. Box 24114
Indianapolis, IN 46224